**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Louise Padilla,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-22-00578-PHX-JJT<br><br>**ORDER** |

Plaintiff challenges the denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff exhausted administrative remedies and filed a Complaint seeking judicial review of the denial. (Doc. 1.) The Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having reviewed Plaintiff's Opening Brief (Doc. 15, "Pl. Br."), Defendant's Answering Brief (Doc. 18, "Def. Br."), Plaintiff's Reply (Doc. 20, "Reply"), and the Administrative Record (Doc. 10, "AR."), the Court hereby reverses the Commissioner's unfavorable decision and remands for additional proceedings.

**I.    THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW**

To determine whether a claimant is disabled for purposes of the Act, the Administrative Law Judge ("ALJ") follows a five-step process. *E.g.*, 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th

Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial, gainful work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in disqualifying work, she is not disabled. *Id*. If she is not engaged in such work, the analysis proceeds to step two, where the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). If the claimant has no such impairment, she is not disabled. *Id*. If she does, the analysis proceeds to step three, where the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four,[1] where the ALJ determines whether the claimant is still capable of performing her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. *Id*. If she cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on her RFC, age, education, and work experience. *Id*. § 404.1520(a)(4)(v). If the claimant cannot perform any other work, she is disabled. *Id*.

The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance . . . It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). In determining whether substantial evidence supports a decision, the court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotations and citations omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

---

[1] The "residual functional capacity is the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

## II. PROCEDURAL HISTORY

Plaintiff filed an application for DIB benefits in February 2019 alleging disability beginning April 1, 2018. (AR. at 395-401.) She alleged disability resulting from back and neck pain. (AR. at 427.) Her claim was denied at the initial and reconsideration phases of administrative review (AR. at 311-14, 318-21), and she timely requested a hearing. (AR. at 327-28.) ALJ Gregory Moldafsky conducted a hearing on September 18, 2020 at which the Plaintiff and a vocational expert testified. (AR. at 241-68.)

Plaintiff testified, in part, that she visits the grocery store twice per week for perishable items, and that "the most active thing" she can do is walk, but she does not walk as far or as fast as she used to. (AR. at 245.) She testified she attempted to work part-time but could not (AR. at 245), and that, in a work environment, she would need frequent breaks and the ability to change positions due to back pain (AR. at 248-49). She testified that injections were ineffective, and that she would not try epidurals again after she suffered trauma to her spinal cord during such a procedure in the past. (AR. at 252.) She testified she can do some household chores such as dusting, but that they take longer, and that her hobbies include reading and sewing. (AR. at 253.) She testified she suffers from weakness and pain in her right arm. (257.)

ALJ Moldafsky issued an unfavorable decision on March 23, 2021. (AR. at 13-31.) He concluded Plaintiff had not engaged in disqualifying work activity, and that she suffered from severe impairments including cervical degenerative disc disease with right-sided radiculopathy, migraines, and right-sided carpal tunnel syndrome. (AR. at 18.) The ALJ concluded Plaintiff's impairments did not meet or medically equal the criteria of any listed impairment, and that she retained the ability to perform light work with various postural, manipulative, and environmental limitations. (AR. at 19.) He concluded Plaintiff could perform her past relevant work, and that she was not disabled at step four. (AR. at 23.)

## III. DISCUSSION

Plaintiff raises two issues: (1) whether the ALJ provided sufficient explanation supported by substantial evidence for rejecting the opinion of neurologist, George Wang,

M.D. (Pl. Br. at 11-16); and (2) whether the ALJ cited specific, clear, and convincing reasons for discrediting Plaintiff's symptom testimony (Pl. Br. at 16-22). The Court finds the ALJ erred by improperly discrediting the Plaintiff and remands for additional proceedings. Since a remand for additional proceedings is appropriate (see Section III(B), *infra*), the Court does not address the ALJ's conclusions regarding Dr. Wang.

**A.      Analysis.**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (citations omitted). "[I]f the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id*. at 1036 (citations omitted). Importantly, "the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged." *Id*. (quotations and citations omitted, emphasis in original).

The ALJ stated the following regarding Plaintiff's symptom testimony:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence. Ms. Padilla acknowledged a modest range of activities including assisting with some household chores, attending appointments, cooking, driving, shopping, and interacting with her family. (Hearing testimony). Further, as recently as December 2019, she reported that she was riding a bike and leading a very active lifestyle. (Exhibit 36F, p. 1). This level of activity, though not conclusive as to any issue, is consistent with the residual functional capacity as found. Further, it is also noteworthy, that the claimant acknowledged that she left her job in 2018 for

> reasons other than disability as her job was not what she expected. (Exhibit 3E)

(AR. at 20.) Plaintiff argues these reasons are insufficient to discredit her symptom testimony (Pl. Br. at 16-22), and the Court agrees.

First, Plaintiff's daily activities are insufficient grounds here. For the ALJ to cite daily activities as an appropriate reason to discredit the Plaintiff, he needed to show (1) they are inconsistent with the severity of symptoms she described, *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014); (2) they are transferable to a work setting and the Plaintiff performed them for a substantial part of the day, *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); or (3) they are inconsistent with her allegation of a totally debilitating impairment, *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012) (superseded by regulation on other grounds as stated in *Adams v. Kijakazi*, No. 21-16413, 2023 WL 1879247, at *1 (9th Cir. Feb. 10, 2023)). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

At her hearing, Plaintiff testified to engaging in light household chores with breaks for "maybe two hours" per day. (AR. at 259.) She testified there are some chores she cannot do, such as ironing and mopping. (AR. at 253.) She testified to weekly trips to the store for perishable items. (AR. at 245.) Importantly, she testified she is "not stuck in [her] bed" daily. (AR. at 255.) Her ability to perform limited chores with frequent breaks does not rise to the clear, convincing level here. *Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7 (9th Cir. 1996) ("The Social Security Act does not require that claimants be utterly

incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.") The ALJ has not shown Plaintiff performed these activities for a substantial part of each day, nor that they are inconsistent with her reported symptoms. Plaintiff does not allege she is completely physically debilitated. (AR. at 255.)

The fact a provider noted Plaintiff rode a bike and lived a "very active lifestyle" on one occasion is insufficient to meet the clear, convincing threshold as well, because there is no other information to explain the frequency or duration of that activity. When asked at the hearing about "the most active thing" she can do, Plaintiff testified she walks, but for a shorter distance and at a slower pace. (AR. at 245.) She testified that she tried to go trick-or-treating with her daughter the year before, but she had to turn around and go home due to pain. (AR. at 251.) Her ability to ride a bike would apparently conflict with this testimony, but this reason is insufficient without more information. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (holding evidence of childcare activities insufficient to reject a treating provider's opinion because "[t]he ALJ did not develop a record regarding the extent to which and the frequency with which Trevizo picked up the children, played with them, bathed them, ran after them, or did any other tasks that might undermine her claimed limitations, nor did the ALJ inquire into whether Trevizo cared for the children alone or with the assistance of her grandchildren or other family members."); *Alice A. v. Comm'r of Soc. Sec.*, 574 F. Supp. 3d 885, 891 (W.D. Wash. 2021) (rejecting the ALJ's finding that the claimant's online business undermined her testimony of severe mental impairments because "substantial evidence does not support the ALJ's finding that this rose to the level of activity that contradicted Plaintiff's claims. The ALJ identified a single reference where Plaintiff's employment was described as full time, but Plaintiff reported it was not, her earnings from the business were minimal, and the ALJ found it was not substantial gainful activity."); *cf. Fore v. Kijakazi*, No. 20-36118, 2022 WL 421945, at *1 (9th Cir. Feb. 11, 2022) ("To be sure, it is unclear whether an isolated fishing, hunting, or weightlifting session would rise to the level of inconsistent 'daily activities' sufficient

to enable an ALJ to discount a claimant's testimony. However, the record collectively demonstrates that Fore engaged in the three aforementioned activities as a matter of routine.")

As for Plaintiff's reasons for leaving work, the ALJ again relies on one cursory statement from a disability report that Plaintiff quit working in July 2018 because the "job was not what [she] expected[.]" (AR. at 427.) There is no other information supporting this rationale. At the hearing, Plaintiff testified this part-time work attempt "did not work out for [her,]" and "[t]hat was kind of the test . . . ." (AR. at 245.) Work history reports indicate Plaintiff performed this job only four hours per day for three days per week (AR. at 418), and the SSA later deemed this an unsuccessful work attempt. (AR. at 438-39.) Plaintiff testified she could not return to work because she experiences "excruciating pain in [her] upper back" and would require frequent breaks. (AR. at 248-49.) A Plaintiff's unsuccessful work attempt is not a clear, convincing reason to reject her symptom testimony. *Lingenfelter*, 504 F.3d at 1038 ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, failed, that he did not then experience pain and limitations severe enough to preclude him from maintaining substantial gainful employment. Indeed, we have suggested that similar evidence that a claimant tried to work and failed actually supported his allegations of disabling pain.").

Finally, although the ALJ discussed a surgical consultation where a provider recommended "conservative treatment," it is unclear the ALJ intended to discredit the Plaintiff on these grounds. In his chronological discussion of the evidence, the ALJ merely noted, citing that visit, that Plaintiff's MRI findings were "benign," and that "she is a good candidate for continued conservative management[,]" including physical therapy and core strengthening exercises. (AR. at 21.) But the ALJ did not make any express finding Plaintiff's symptom testimony was not supported based on this evidence. The ALJ decision suggests he relied on Plaintiff's daily activities, her reasons for leaving work, and a lack of support from the objective medical evidence (AR. at 20, 23), and this Court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.

2003). Assuming, however, that the ALJ intended to discredit Plaintiff based on conservative treatment, the Court finds this reason is also insufficient. *Garrison*, 759 F.3d at 1015 n. 20 ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."). Plaintiff has undergone injections, including epidurals, which resulted in spinal cord trauma and involved emergent care. (AR. at 827-29, 840, 842, 844, 898). Many courts in this circuit have held that injection therapy paired with some other treatment, such as pain medication, does not amount to conservative treatment. *Christine G. v. Saul*, 402 F. Supp. 3d 913, 926 (C.D. Cal. 2019) (collecting cases). The Court finds the ALJ failed to cite clear, convincing reasons supported by substantial evidence for discrediting Plaintiff's symptom testimony.[2]

**B.    Remedy.**

The Court finds that additional proceedings are appropriate here. When harmful legal error is found, the Court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). This is "the proper course, except in rare circumstances[.]" *Treichler*, 775 F.3d at 1099 (quotations omitted). The Court, however, has discretion to remand for payment where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citations omitted). Nevertheless, remand for additional proceedings may still be appropriate where "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

---

[2] The Court need not address the ALJ's general conclusion that Plaintiff's symptoms are not fully supported by the objective medical evidence (AR. at 20) because the ALJ needs some other valid reason for rejecting Plaintiff's testimony. *See Lingenfelter*, 504 F.3d at 1036.

- 8 -

The Court finds additional proceedings would serve a useful purpose, namely, further development of the record regarding Plaintiff's reasons for leaving work, and her ability to engage in activities such as bike riding. The Court notes there is also evidence giving rise to significant doubt regarding whether Plaintiff is disabled, such as a surgeon's description of Plaintiff's diagnostic imaging as "benign." (AR. at 1487.)

**IT IS ORDERED** that the March 23, 2021 decision of the ALJ is reversed and remanded for additional proceedings.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly and terminate this action.

Dated this 21st day of September, 2023.

Honorable John J. Tuchi
United States District Judge